IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) Criminal No. 08-69 | Erie |
| | ) | |
| BILL R. RANA | ) | |
| MELVIN E. SCHRECENGOST | ) | |

### INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A one-count Information was filed against the above-named defendants for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to distribute and to possess with intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance From in and around March 2007 to in and around May 2008 | 21 U.S.C. §846 |

## II. ELEMENTS OF THE OFFENSE

A. As to Count 1:

In order for the crime of conspiracy to distribute and to possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §846 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons came to a mutual understanding or agreement to try to accomplish a common and unlawful plan to distribute and/or possess with intent to distribute the controlled substance charged in the indictment.

United States v. Boyd, 595 F.2d 120 (3d Cir. 1978); United States v. Garcia, 655 F.2d 59, 62 (5th Cir. 1981); United States v. Allen, 613 F.2d 1248, 1253 (3d Cir. 1980).

2. That the defendant knowingly and willfully became a member of such conspiracy.

United States v. Adams, 759 F.2d 1099, 1114 (3d Cir.), cert. denied, 474 U.S. 906 (1985); United States v. Bodolato, 701 F.2d 915, 921-22 (11th Cir. 1983).

3. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. §812(c), Schedule II(a)(4).

4. That the conspiracy had the specific unlawful purpose of distributing and/or possessing with intent to distribute five (5) kilograms or more of cocaine. 21 U.S.C. §841(b)(1)(A)(ii).

Apprendi v. New Jersey, 530 U.S. 466 (2000).

III. **PENALTIES**

A. As to Count 1: Conspiracy to distribute and to possess with intent to distribute five (5) kilograms or more of cocaine (21 U.S.C. §846):

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $4,000,000.

3. A term of supervised release of at least five (5) years.

For a second felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not less than twenty (20) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least ten (10) years.

For a third or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A mandatory sentence of life imprisonment.

2. A fine not to exceed $8,000,000.

IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendants are convicted, pursuant to 18 U.S.C. §3013.

V. <u>RESTITUTION</u>

Not applicable in this case.

VI. <u>FORFEITURE</u>

Not applicable in this case.

                Respectfully submitted,

                MARY BETH BUCHANAN
                United States Attorney

                *[signature]*

                MARSHALL J. PICCININI
                Assistant U.S. Attorney
                PA ID No. 56362